JUSTICE RICE,
concurring.
¶27 Defendants emphasize the language within the warranty deeds stating that the properties were ‘free from all encumbrances, EXCEPT ... restrictions, easements in view and of record; and other matters of record” and other similar statements made in the original transaction documents. Defendants argue that this language and the operation of the recording statutes put Plaintiffs on actual and constructive notice of the mortgages at the time they purchased the properties. However, Plaintiffs correctly counter that this general language did not negate the statutorily implied covenant that the granted properties were “at the time of the execution of the conveyance free from encumbrances done, made, or suffered by the grantor ....” Section 70-20-304(l)(b), MCA. This statutory covenant may be negated only ‘by express terms contained in the conveyance,” §70-20-304(1), MCA, which did not exist here. Further, while the recording statutes provide notice and priority against later filed conveyances, see Title 70, chapter 21, part 3, MCA, they do not eliminate the statutory covenants upon which Plaintiffs, as grantees, could rely.
¶28 Nonetheless, these statutory covenants applicable to conveyances did not arise with regard to the settlement agreement. For that purpose, Plaintiffs were properly considered to have received, as the District Court explained, “either constructive notice or actual notice, or both, of the encumbrances” prior to entering the agreement, and thus the encumbrances did not form a basis for challenging the agreement on grounds of misrepresentation or unfairness.
¶29 I concur.